SEDGWICK, DETERT, MORAN & ARNOLD LLP
MICKI S. SINGER, Bar No. 148699
micki.singer@sdma.com
JONATHAN T. RODRIGUEZ, Bar No. 165508
jonathan.rodriguez@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

SEDGWICK, DETERT, MORAN & ARNOLD LLP
JACQUELINE N. JAUREGUI, Bar No. 095289
jacqueline.jauregui@sdma.com
AMAND K. MINES, Bar No. 155195
amand.mines@sdma.com
801 S. Figueroa St., 19th Floor
Los Angeles, CA 90071
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendants
GENERAL MOTORS CORPORATION and
ONSTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IRVINE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, a Delaware corporation; and ONSTAR CORPORATION, a Delaware corporation,<br><br>Defendants. | CASE NO. C 07 3651 TEH<br><br>**CLASS ACTION**<br><br>**FURTHER STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT**<br><br>Judge: T. E. Henderson |

On August 17, 2007, The United States Judicial Panel on Multidistrict Litigation

("JPML"), in the matter of *In Re: General Motors OnStar Contract Litigation*, MDL No. 1867

(Hereinafter "MDL No. 1867"), ordered that four cases, including *Margaret Gonzales, et al. v.*

*General Motors Corp., et al.*, C07-2580 TEH, pending before the United States Federal District Court for the Northern District of California, transferred to the Eastern District of Michigan. (The JPML Transfer Order is attached hereto as Exhibit "A") The JPML also noted in its Transfer Order that other related actions filed in multiple districts be treated as potential tag-along actions.

    IT IS HEREBY STIPULATED by and between Plaintiff John Irvine and Defendants General Motors Corporation and OnStar Corporation (collectively "Defendants"), by and through their respective counsel, that pursuant to and in compliance with Local Rule 6-1(a), Defendants shall have an additional forty-one (41) days, up to and including October 4, 2007, to respond to Plaintiff's Complaint.

Dated: 8/24/07

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By _____
Micki S. Singer, Bar No. 148699
Attorneys for Defendants
GENERAL MOTORS CORPORATION and
ONSTAR CORPORATION

Dated: 8/24/07

GIRARD GIBBS, LLP

By _____
Eric H. Gibbs, Bar No. 178658
Attorneys for Plaintiff
JOHN IRVINE

**IT IS SO ORDERED**
Judge Thelton E. Henderson
08/27/07
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-2-

CASE NO. C 07 3651 TEH

Further Stipulation Extending Time to Respond to Complaint

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 7 2007

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: GENERAL MOTORS ONSTAR
CONTRACT LITIGATION

MDL No. 1867

TRANSFER ORDER

Before the entire Panel[*]: Defendants General Motors Corp. and OnStar Corp. (OnStar) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Eastern District of Michigan. Plaintiffs in the Eastern District of Michigan actions support this motion, while plaintiffs in the Northern District of California action oppose centralization.

This litigation presently consists of four actions listed on Schedule A and pending in two districts as follows: three actions in the Eastern District of Michigan[1] and one action in the Northern District of California.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual allegations relating to (1) the impact of the conversion of the cellular network from an analog/digital network to a digital-only network on December 31, 2007, and (2) the availability of OnStar service in certain vehicles thereafter. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Michigan is an appropriate transferee district for this litigation, because (1) three actions and a potential tag-along action are currently pending in this district, and (2) relevant documents and witnesses are likely located in or near defendants' facilities in Michigan.

---

[*] Judge Scirica took no part in the disposition of this matter.

[1] One of the three Eastern District of Michigan actions has been recently transferred there pursuant to 28 U.S.C. § 1404(a) from the Eastern District of Pennsylvania. The Panel has been notified that several other related actions have recently been filed in multiple districts. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



03/21/2007 10:51 FAX 2025022835    JPML    ☒003/004

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Northern District of California is transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Sean F. Cox for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen                J. Frederick Motz
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica*

08/21/2007 10:51 FAX 2025022888    JPML    ☒004/004

IN RE: GENERAL MOTORS ONSTAR
CONTRACT LITIGATION                    MDL No. 1867

## SCHEDULE A

### Northern District of California

Margaret A. Gonzales, et al. v. General Motors Corp., et al., C.A. No. 3:07-2580

### Eastern District of Michigan

Howard Morris, et al. v. General Motors Corp., C.A. No. 2:07-11830
Robert C. Weaver v. OnStar Corp., et al., C.A. No. 2:07-12036
Robert G. Gordon, et al. v. OnStar Corp., et al., C.A. No. 2:07-12971